IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED RENTALS NORTHWEST, INC.,**

    **Plaintiff/Counter-Defendant,**

vs.                                                         NO. CIV 08-0443 RB/DJS

**FEDERATED MUTUAL INSURANCE CO.,**

    **Defendant/Counter-Plaintiff/**
    **Cross-Claimant,**

and

**INGRID MAGOFFE, as Personal Representative of the ESTATE OF ANTHONY MAGOFFE, Deceased, Individually, and as Next Friend of her minor children, ANTHONY JAMES MAGOFFE, and JIMMY MAGOFFE, AZUCENA MICHEL, as Personal Representative of the ESTATE OF CAMERINO MICHEL RAMERIZ, Deceased, Individually, and as Next Friend of her minor children, MELISSA ORNELAS MICHEL, ANTHONY ORNELAS MICHEL, and MELANIE ORNELAS MICHEL, and JAMES MAGOFFE, Individually,**

    **Defendants/Cross-Defendants,**

**FEDERATED MUTUAL INSURANCE CO.,**

    **Third-Party Plaintiff,**

v.

**YEAROUT MECHANICAL ENGINEERING,**

    **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff United Rentals Northwest, Inc.'s

(hereinafter "United Rentals") Rule 59(e) Motion, filed March 23, 2009.  United Rentals seeks reconsideration of the Court's March 9, 2009 grant of partial summary judgment in favor of Defendant Federated Mutual Insurance Company (hereinafter "Federated") as to Counts I and II of the Counterclaim.  Jurisdiction is founded upon 28 U.S.C. § 1332.  Having considered the arguments of counsel, relevant law, and being otherwise fully advised, United Rentals' motion for reconsideration is **DENIED**.

**I.     Background.**

United Rentals was a defendant in the case of *Ingrid Magoffe, et. al v. JLG, Industries, Inc., et. al*, No. Civ. 06-0973 MCA/ACT.  In the *Magoffe* case, the plaintiffs therein sued United Rentals for alleged product defects, negligence, failure to warn or provide directions for use, loss of consortium, and negligent infliction of emotional distress related to an accident involving two construction workers, employed by Yearout Mechanical Engineering (hereinafter "Yearout"), who were killed when a 50 foot scissor lift, leased to Yearout by United Rentals, fell over during a construction project at the Albuquerque Sunport.

Yearout is engaged in the business of providing mechanical contracting services.  United Rentals is engaged in leasing and delivering equipment to construction contractors, workers, and others.  On or about March 1, 2006, Yearout entered into an agreement with United Rentals to rent a scissor lift.  Paragraph 3 of the agreement provides:

> INDEMNITY/HOLD HARMLESS.  TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND AND HOLD UNITED HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSED BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE

>TRANSPORTATION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING WHENEVER SUCH LIABILITY, CLAIM LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF UNITED OR THE PROVISION OF ANY ALLEGEDLY DEFECTIVE PRODUCT BY UNITED. THIS INDEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST UNITED BASED UPON STRICT OR PRODUCT LIABILITY CAUSES OF ACTION OR BREACH OF WARRANTY.

Paragraph 18 of the agreement provides:

>CUSTOMER'S INSURANCE COVERAGE.  Customer agrees to maintain and carry, at its sole cost, adequate liability, physical damages, public liability, property damages and casualty insurance for the full replacement cost of the Equipment, including all risks of loss or damage covered by the standard extended coverage endorsement, to cover any damage or liability arising from the handling, transportation, maintenance, operation, possession or use of the Equipment during the entire Rental Period.  When requested, Customer shall supply to United proof of such insurance by Certificate of Insurance clearly setting forth the coverage for the Equipment and naming United as loss payee and additional insured; such insurance and evidence thereof to be in amounts and form satisfactory to United.  The Certificate of Insurance and policy shall provide that United shall receive not less than 30 days' notice prior to any cancellation of the insurance required hereunder.

Federated insured Yearout under a commercial general liability policy and an umbrella policy.  United Rentals claimed to be an additional insured under those policies and requested coverage and a defense from Federated for the claims asserted in the *Magoffe* litigation. Federated agreed to defend United Rentals under a reservation of rights.  United Rentals filed its Complaint for Declaratory Judgment on May 1, 2008.  United Rentals seeks indemnification from Federated for all expenses, settlements, attorneys' fees, and any and all other damages associated with the defense and settlement of the *Magoffe* case.

The Court, in its March 9, 2009 Memorandum Opinion and Order, granted partial summary judgment in favor of Federated as to Counts I and II of the Counterclaim, holding that, pursuant to N.M. Stat. § 56-7-1, the anti-indemnification provisions at issue in this lawsuit are

void and unenforceable as a matter of public policy.  In so ruling, the Court expressly adopted the reasoning of United States Magistrate Judge Richard L. Puglisi, as set forth in his September 9, 2008 Memorandum Opinion and Order. *United Rentals Northwest, Inc. v. Yearout Mechanical, Inc.*, No. Civ. 08-0050 RLP/CD.  United Rentals now moves the Court to alter or amend its grant of partial summary judgment in favor of Federated.

**II.     Discussion.**

As a preliminary matter, a grant of partial summary judgment is an interlocutory order and not a final judgment; consequently, a Rule 59(e) motion to alter or amend the judgment is an inappropriate avenue for United Rentals to seek relief from the Court's grant of partial summary judgment in favor of Federated as to Count II of the Counterclaim. *See Advantedge Bus. Group, LLC v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1237 (10th Cir. 2009).  The Court, therefore, interprets United Rentals' motion as a Rule 60(b) motion for reconsideration.  Fed.R.Civ.P. 60(b).

A motion for reconsideration filed prior to final judgment is "nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 fn. 1 (10th Cir. 1991).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*  A motion for reconsideration is "not appropriate to revisit issues already addressed or advance arguments that

could have been raised in prior briefing." *Id.*

Secondarily, the Court's March 9, 2009 Memorandum Opinion and Order only holds that, pursuant to N.M. Stat. § 56-7-1, the anti-indemnification provisions at issue in this lawsuit are void and unenforceable as a matter of public policy. The Court has made no findings regarding who is culpable for the underlying injuries at issue in this lawsuit.

Thirdly, United Rentals' argument that the weight of authority from other jurisdictions favors one outcome or another is misleading. As the Court pointed out in its March 9, 2009 Memorandum Opinion and Order, the courts of other states have reached differing conclusions when considering whether a contract for the rental of construction equipment is covered by a particular state's anti-indemnity law. That other jurisdictions have reached different conclusions on this question is not surprising in light of the fact that anti-indemnity statutes are not uniform across states. The Court, interpreting New Mexico's unique anti-indemnity statutes, concluded (1) that New Mexico's legislature had expressed a clear preference in favor of promoting safety at construction sites and (2) that N.M. Stat. § 56-7-1 should be interpreted broadly so as to provide a strong incentive to all those whose contractual agreements relate to construction to promote safe working conditions at construction sites. Furthermore, as the Court clearly articulated in its March 9, 2009 Memorandum Opinion and Order, the broad statutory definition of a "construction contract"–which includes any agreement "relating to" construction, alteration, repair, or maintenance of any real property in New Mexico–clearly includes a lease agreement for a 50 foot scissor lift to be used at a construction site. *See* N.M. Stat. § 56-7-1(E).

Fourth, the legal resolution of this matter was fairly straightforward. The Court's confidence in its legal analysis does not depend upon but is reinforced by the fact that United

States Magistrate Judge Richard L. Puglisi, on identical facts, came to the same legal conclusions. Therefore, the Court has no interest in deferring ruling on this matter pending the resolution of an appeal in another case.

### III. Conclusion.

United Rentals' motion raises no new issues of fact or law, and merely revisits issues already addressed by the Court. Thus, for the reasons set forth in the Court's March 9, 2009 Memorandum Opinion and Order, as further explained herein, United Rentals' motion for reconsideration is without merit and should be denied.

**WHEREFORE,**

**IT IS ORDERED** that United Rentals' Motion for Reconsideration is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**