# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED RENTALS NORTHWEST, INC.,**

        **Plaintiff/Counter-Defendant,**

**vs.**                                                  **NO. CIV 08-0443 RB/DJS**

**FEDERATED MUTUAL INSURANCE CO.,**

        **Defendant/Counter-Plaintiff/**
        **Cross-Claimant,**

**and**

**INGRID MAGOFFE, as Personal Representative
of the ESTATE OF ANTHONY MAGOFFE,
Deceased, Individually, and as Next Friend of her
minor children, ANTHONY JAMES MAGOFFE,
and JIMMY MAGOFFE, AZUCENA MICHEL,
as Personal Representative of the ESTATE OF
CAMERINO MICHEL RAMIREZ, Deceased,
Individually, and as Next Friend of her minor
children, MELISSA ORNELAS MICHEL,
ANTHONY ORNELAS MICHEL, and MELANIE
ORNELAS MICHEL, and JAMES MAGOFFE,
Individually,**

        **Defendants/Cross-Defendants,**

**FEDERATED MUTUAL INSURANCE CO.,**

        **Third-Party Plaintiff,**

**v.**

**YEAROUT MECHANICAL ENGINEERING,**

        **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiffs' Motion for Leave to File Second Amended Complaint and Modify Discovery Schedule, filed April 10, 2009.  Jurisdiction arises under 28 U.S.C. § 1332.  Having reviewed the submissions of the parties and the relevant law, Plaintiffs' Motion for Leave to File Second Amended Complaint and Modify Discovery Schedule is **DENIED**.

## I.     Background.

United Rentals was a defendant in the case of *Ingrid Magoffe, et. al v. JLG, Industries, Inc., et. al*, No. Civ. 06-0973 MCA/ACT.  In the *Magoffe* case, the plaintiffs therein sued United Rentals for alleged product defects, negligence, failure to warn or provide directions for use, loss of consortium, and negligent infliction of emotional distress related to an accident involving two construction workers, employed by Yearout Mechanical Engineering (hereinafter "Yearout"), who were killed when a 50 foot scissor lift, leased to Yearout by United Rentals, fell over during a construction project at the Albuquerque Sunport.

Yearout is engaged in the business of providing mechanical contracting services.  United Rentals is engaged in leasing and delivering equipment to construction contractors, workers, and others.  On or about March 1, 2006, Yearout entered into an agreement with United Rentals to rent a scissor lift.  The agreement contained contractual indemnification provisions.

Federated insured Yearout under a commercial general liability policy and an umbrella policy.  United Rentals claimed to be an additional insured under those policies and requested coverage and a defense from Federated for the claims asserted in the *Magoffe* litigation. Federated agreed to defend United Rentals under a reservation of rights.  United Rentals filed its Complaint for Declaratory Judgment on May 1, 2008.  United Rentals seeks indemnification from Federated for all expenses, settlements, attorneys' fees, and any and all other damages

associated with the defense and settlement of the *Magoffe* case.

The Court, in its March 9, 2009 Memorandum Opinion and Order, granted partial summary judgment in favor of Federated as to Count II of the Counterclaim, holding that, pursuant to N.M. Stat. § 56-7-1, the contractual indemnification provisions at issue in this lawsuit are void and unenforceable as a matter of public policy.  In its March 30, 2009 Memorandum Opinion and Order, the Court denied United Rentals' Motion for Reconsideration, reiterating its determination that the contractual indemnification provisions at issue in this lawsuit are void and unenforceable. United Rentals now moves the Court to grant leave to file a Second Amended Complaint against Federated and extend discovery by sixty days.  United Rentals seeks to add a third cause of action against Federated for allegedly breaching a May 2008 settlement agreement.

## II.    Legal Standards.

Pursuant to Rule 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a).  The purpose of Rule 15 is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).  This Court may deny leave to amend upon a showing of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Untimeliness alone may be a sufficient basis for denial of leave to amend, and prejudice to the opposing party need not also be shown. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Furthermore, the Tenth Circuit Court of Appeals has clearly rejected the practice of allowing a party "to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings." *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998).

**III.   Discussion.**

On June 12, 2008, Federated filed its Counterclaim against United Rentals and stated in applicable part: "Federated understands that all controversies between Federated and United Rentals have been resolved by a settlement agreement.  However, United Rentals has not dismissed its Amended Complaint for Declaratory Judgment." (Doc. 6).  Answering this averment on July 8, 2008, United Rentals stated: "United Rentals denies that all controversies between it and Federated have been resolved by a settlement agreement. United Rentals admits that it has not dismissed its Amended Complaint for Declaratory Judgment." (Doc. 9).  Now, approximately a year after filing its Amended Complaint and more than six months after the deadline for United Rentals to amend its pleadings, United Rentals seeks to amend its Complaint to add a claim against Federated for allegedly breaching a settlement agreement.

United Rentals' undue delay in moving to amend its Complaint, for which it failed to provide any justification, is sufficient grounds to deny leave to amend. *Durham v. Xerox Corp.*, 18 F.3d 836, 840 (10th Cir. 1994) (affirming denial of leave to amend the complaint when the plaintiff had filed for leave to amend three months after the scheduling order deadline for amendments).  The Court sees no justification for United Rentals' failure to amend at an earlier date, especially because the parties had agreed that United Rentals would have until October 15, 2008 to amend and the record demonstrates that the parties' dispute regarding the alleged settlement agreement arose in May 2008.  Indeed, United Rentals has been aware of the claim it

4

now seeks to assert for approximately one year and, with any level of diligence, could have filed a timely motion to amend.

Federated would clearly be prejudiced if the Court granted leave for United Rentals to amend its Complaint.  Allowing United Rentals to bring a new claim at this late stage of the litigation would turn the Complaint into a moving target. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).  The prejudice inherent in requiring Federated to craft and maintain a defense against a shifting Complaint is obvious.  In addition, discovery has closed in this matter.  Reopening discovery, at this late stage of the litigation, would subject Federated to unnecessary expense that could have been mitigated or avoided entirely if United Rentals had brought its new claim in a timely manner.  Furthermore, coming on the heels of this Court's ruling that the contractual indemnification provisions at issue in this lawsuit are void and unenforceable as a matter of public policy, United Rentals' motion to amend appears to be nothing more than an "attempt to salvage a lost case by untimely suggestion of new theories of recovery." *Viernow*, 157 F.3d at 800.

## IV.   Conclusion.

Plaintiffs' Motion for Leave to File Second Amended Complaint and Modify Discovery Schedule is an untimely attempt to salvage what remains of its case by putting forth a new theory of recovery.

**WHEREFORE,**

**IT IS HEREBY ORDERED** that  Plaintiffs' Motion for Leave to File Second Amended Complaint and Modify Discovery Schedule is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**

5