IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED RENTALS NORTHWEST, INC.,**

       **Plaintiff/Counter-Defendant,**

vs.                                                                     NO. CIV 08-0443 RB/DJS

**FEDERATED MUTUAL INSURANCE CO.,**

       **Defendant/Counter-Plaintiff/
       Cross-Claimant,**

and

**INGRID MAGOFFE, as Personal Representative of the ESTATE OF ANTHONY MAGOFFE, Deceased, Individually, and as Next Friend of her minor children, ANTHONY JAMES MAGOFFE, and JIMMY MAGOFFE, AZUCENA MICHEL, as Personal Representative of the ESTATE OF CAMERINO MICHEL RAMERIZ, Deceased, Individually, and as Next Friend of her minor children, MELISSA ORNELAS MICHEL, ANTHONY ORNELAS MICHEL, and MELANIE ORNELAS MICHEL, and JAMES MAGOFFE, Individually,**

       **Defendants/Cross-Defendants,**

**FEDERATED MUTUAL INSURANCE CO.,**

       **Third-Party Plaintiff,**

v.

**YEAROUT MECHANICAL ENGINEERING,**

       **Third-Party Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Motion for Summary Judgment of Defendant

Federated Mutual Insurance Co. (hereinafter "Federated"), filed May 1, 2009.  Jurisdiction is founded upon 28 U.S.C. § 1332.  Having considered the arguments of counsel, relevant law, and being otherwise fully advised, Federated's Motion for Summary Judgment is **GRANTED**.

## I.     Background.

Plaintiff United Rentals Northwest, Inc. (hereinafter "United Rentals") was a defendant in the case of *Ingrid Magoffe, et. al v. JLG, Industries, Inc., et. al*, No. Civ. 06-0973 MCA/ACT.  In the *Magoffe* case, the plaintiffs therein sued United Rentals for alleged product defects, negligence, failure to warn or provide directions for use, loss of consortium, and negligent infliction of emotional distress related to an accident involving two construction workers, employed by Yearout Mechanical Engineering (hereinafter "Yearout"), who were killed when a 50 foot scissor lift, leased to Yearout by United Rentals, fell over during a construction project at the Albuquerque Sunport.

Yearout is engaged in the business of providing mechanical contracting services.  United Rentals is engaged in leasing and delivering equipment to construction contractors, workers, and others.  On or about March 1, 2006, Yearout entered into an agreement with United Rentals to rent a scissor lift.  Paragraph 3 of the agreement provides:

> INDEMNITY/HOLD HARMLESS.  TO THE FULLEST EXTENT PERMITTED BY LAW, CUSTOMER AGREES TO INDEMNIFY, DEFEND AND HOLD UNITED HARMLESS FROM AND AGAINST ANY AND ALL LIABILITY, CLAIM, LOSS, DAMAGE OR COSTS (INCLUDING, BUT NOT LIMITED TO, ATTORNEYS' FEES, LOSS OF PROFIT, BUSINESS INTERRUPTION OR OTHER SPECIAL OR CONSEQUENTIAL DAMAGES, DAMAGES RELATING TO BODILY INJURY, DAMAGES RELATING TO WRONGFUL DEATH) CAUSED BY OR IN ANY WAY ARISING OUT OF OR RELATED TO THE TRANSPORTATION, OWNERSHIP OR RENTAL OF THE EQUIPMENT, INCLUDING WHENEVER SUCH LIABILITY, CLAIM LOSS, DAMAGE OR COST IS FOUNDED, IN WHOLE OR IN PART, UPON ANY NEGLIGENT OR GROSSLY NEGLIGENT ACT OR OMISSION OF UNITED OR THE PROVISION OF ANY ALLEGEDLY DEFECTIVE PRODUCT BY UNITED. THIS INDEMNITY PROVISION APPLIES TO ANY CLAIMS ASSERTED AGAINST UNITED BASED UPON STRICT OR PRODUCT LIABILITY

CAUSES OF ACTION OR BREACH OF WARRANTY.

Paragraph 18 of the agreement provides:

> CUSTOMER'S INSURANCE COVERAGE.  Customer agrees to maintain and carry, at its sole cost, adequate liability, physical damages, public liability, property damages and casualty insurance for the full replacement cost of the Equipment, including all risks of loss or damage covered by the standard extended coverage endorsement, to cover any damage or liability arising from the handling, transportation, maintenance, operation, possession or use of the Equipment during the entire Rental Period.  When requested, Customer shall supply to United proof of such insurance by Certificate of Insurance clearly setting forth the coverage for the Equipment and naming United as loss payee and additional insured; such insurance and evidence thereof to be in amounts and form satisfactory to United.  The Certificate of Insurance and policy shall provide that United shall receive not less than 30 days' notice prior to any cancellation of the insurance required hereunder.

Federated insured Yearout under a commercial general liability policy and an umbrella policy.  Federated agreed to defend United Rentals under a reservation of rights.  United Rentals filed its Complaint for Declaratory Judgment on May 1, 2008 and alleged two theories of recovery against Federated.  United Rentals' first claim for relief alleged that it was an additional insured under Federated's policies issued to Yearout based on the indemnification clause of the rental agreement between United Rental and Year.  As such, United Rentals claimed it was entitled to indemnification in the *Magoffe* litigation.  United Rentals' second claim for relief alleged that Federated had violated N.M. Stat. § 59A-16-20 by refusing to meaningfully participate in mediation in the *Magoffe* action held on October 3, 2007.

The Court, in its March 9, 2009 Memorandum Opinion and Order, granted partial summary judgment in favor of Federated as to Count II of the Counterclaim, holding that, pursuant to N.M. Stat. § 56-7-1, the indemnification provisions at issue in this lawsuit are void and unenforceable as a matter of public policy.  In so ruling, the Court expressly adopted the reasoning of United States Magistrate Judge Richard L. Puglisi, as set forth in his September 9, 2008 Memorandum Opinion

and Order. *United Rentals Northwest, Inc. v. Yearout Mechanical, Inc.*, No. Civ. 08-0050 RLP/CD.

On May 1, 2009, Federated moved for summary judgment on all claims asserted by United Rentals. On June 2, 2009, noting that United Rentals had failed to respond in a timely manner and that no request for an extension of time to file a response was made, Federated filed its Notice of Completion of Briefing. Later that day, United Rentals filed its Response, urging the Court to stay a ruling on summary judgment until after the Tenth Circuit Court of Appeals has ruled on the appeal in the *United Rentals v. Yearout* case and, in the alternative, attempting to reserve its right to seek reconsideration of the Court's ruling on this motion if the Tenth Circuit reverses Judge Puglisi's ruling in the *United Rentals v. Yearout* case or this Court's March 9, 2009 ruling.

## II.     Summary Judgment Standard.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.'" *Munoz v. St. Mary Kirwan Hosp.*, 221 F.3d 1160, 1164 (10th Cir. 2000). When applying this standard, the court examines the record and makes all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.,* 391 U.S. 253, 289 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support

the non-moving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the non-moving party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). Once the movant meets its burden, the burden shifts to the non-moving party to demonstrate a genuine issue for trial on a material matter. *See McGarry v. Pitkin Co.*, 175 F.3d 1193, 1201 (10th Cir. 1999).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *See Munoz,* 221 F.3d at 1164. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *See Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1129 (10th Cir. 2003). The substantive law at issue determines which facts are material in a given case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.   Discussion.**

As a preliminary matter, the Court notes that there are no factual disputes that would preclude summary judgment in this case. In addition, the Court has no interest in deferring ruling on this matter pending the resolution of an appeal in another case. Moreover, United Rentals' failure to file and serve a timely response in opposition to Federated's Motion for Summary Judgment constitutes consent to grant summary judgment in favor of Federated. D.N.M.LR-Civ. 7.1(b), 7.4(a).

It is, however, unnecessary for the Court to decide this matter on procedural grounds.

Federated has no duty to indemnify United Rentals because United Rentals has no coverage under Federated's policies issued to Yearout. United Rentals is not a named insured or an additional named insured under the general commercial liability policy issued by Federated to Yearout. (Doc. 44-2). In addition, United Rentals is not a named insured or an additional named insured under the umbrella policy issued by Federated to Yearout. (Doc. 44-3). The indemnification clause of the rental agreement between United Rentals and Yearout was the only thread tying United Rentals to coverage under the Federated policies issued to Yearout. Pursuant to the Court's interpretation of N.M. Stat. § 56-7-1, the indemnification clause of the rental agreement between United Rental and Yearout is void, unenforceable, and against public policy. (Docs. 30, 32). Thus, because United Rentals has no coverage under Federated's policies issued to Yearout, Federated is entitled to summary judgment as to United Rentals' claim for indemnification. *See Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo*, 114 N.M. 695, 697, 845 P.2d 789, 791 (N.M. 1992).

United Rentals second cause of action alleges that Federated committed an unfair claims practice under N.M. Stat. § 59A-16-20 by refusing to meaningfully participate in settlement negotiations in the *Magoffe* litigation. *See* N.M. Stat. Ann. § 59A-16-20(E) (1978). "However, the concept of bad faith failure to pay in the insurance context does not arise unless there is a contractual duty to pay under the policy." *Charter Services, Inc. v. Principal Mut. Life Ins. Co.*, 117 N.M. 82, 88, 868 P.2d 1307, 1313 (N.M. Ct. App. 1994); *American Employers' Ins. Co. v. Crawford*, 87 N.M. 375, 379, 533 P.2d 1203, 1207 (1975). Because Federated did not have a contractual duty to pay United Rentals under an insurance policy, Federated cannot be held liable for an unfair claims practice. *See Id.* Thus, Federated is entitled to summary judgment as to United Rentals' claim that Federated committed an unfair claims practice.

**IV.     Conclusion.**

United Rentals has no coverage under Federated's policies issued to Yearout. Consequently, Federated is not required to indemnify United Rentals and cannot be held liable for an unfair claims practice for allegedly failing to meaningfully participate in settlement negotiations in the *Magoffe* litigation.

**WHEREFORE,**

**IT IS ORDERED** that Federated's Motion for Summary Judgment is **GRANTED**.

**A JUDGMENT CONSISTENT WITH THIS MEMORANDUM OPINION AND ORDER SHALL ISSUE FORTHWITH.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**